982 F.2d 528
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Theodore A. JONES, Plaintiff-Appellant,
v.
George E. THOMAS, Defendant-Appellee.
 No. 92-1163.
 United States Court of Appeals, Tenth Circuit.
 Dec. 4, 1992.
 
 Before LOGAN, JOHN P. MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(e); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Theodore A. Jones filed a pro se action under 42 U.S.C. § 1983 contending defendant Dr. George E. Thomas, the Deputy Coroner of the City and County of Denver, denied him due process and equal protection by filing an autopsy report with prosecutors which erroneously concluded Mr. Jones' wife died of strangulation. Plaintiff further contended because of that report he pled guilty to charges of reckless manslaughter and assault in the second degree in the death of Mrs. Jones.
 
 
 3
 The case was assigned to a magistrate judge who ultimately recommended granting defendant's motion for summary judgment because the applicable statute of limitations had expired and because the defendant was entitled to qualified immunity under Harlow v. Fitzgerald, 457 U.S. 800 (1982). Following plaintiff's objection to the recommendation, the district court adopted the magistrate's recommendation and ordered entry of summary judgment dismissing the action. This appeal ensued, and we affirm.
 
 
 4
 Plaintiff affirmatively claimed Dr. Thomas intentionally falsified his autopsy report by concluding Mrs. Jones had been strangled. Plaintiff asserted he had obtained a letter from another physician, Dr. Thomas Canfield, which called into question the conclusion reached by Dr. Thomas.
 
 
 5
 Defendant countered with a motion for summary judgment to which were attached, among other things, the affidavits of Drs. Thomas and Canfield. Plaintiff produced no evidence to dispute the facts contained in those affidavits.
 
 
 6
 In short, defendant's undisputed evidence is that Mrs. Jones' death was caused by asphyxiation resulting from trauma. Moreover, it is clear plaintiff has presented no evidence of expert disagreement over that conclusion.
 
 
 7
 In his affidavit, Dr. Canfield stated, "At no time did I indicate to [plaintiff's state court counsel] or Mr. Jones that I disagreed with Dr. Thomas's finding that the death of Mrs. Jones was due to asphyxiation as a result of strangulation." He added he had specifically advised Mr. Jones it was "his having choked Mrs. Jones--which Mr. Jones readily admitted having done--which caused the crushing of Mrs. Jones' neck, leading to asphyxiation and/or subsequent aspiration which resulted in her subsequent death."
 
 
 8
 Plaintiff contends his action is "a case of judicial deception" committed by Dr. Thomas. Although on appeal he raises a number of collateral issues, he does not address the issue of immunity ruled upon by the magistrate and adopted by the district court. That ruling is critical to the proper disposition of this case; therefore, we need not address the issues raised by the plaintiff because even were plaintiff correct, he still could not prevail upon his complaint.
 
 
 9
 We have held, in Snell v. Tunnell, 920 F.2d 673, 698 (10th Cir.1990), cert. denied, 111 S.Ct. 1622 (1991), for a theory of judicial deception, which must be grounded upon the incorporation of falsehoods into official reports, to overcome the defense of qualified immunity, "a plaintiff must make a substantial showing of deliberate falsehood or reckless disregard for truth, such that would be needed to challenge the presumed validity of an affidavit supporting a search warrant under Franks v. Delaware, 438 U.S. 154." In this case, not only has plaintiff failed to show Dr. Thomas acted with a deliberate or reckless disregard for the truth, he also failed to establish the report submitted by the defendant was false in any way.
 
 
 10
 The only evidence he was able to present was a letter written by Dr. Canfield to Mr. Jones' defense counsel. In that letter, Dr. Canfield related, although he might have stated Mrs. Jones' death was the result of "asphyxia secondary to mechanical obstruction of the airway," he added, "[w]e are arguing semantics in regard to the mechanisms of death not the underlying cause." Moreover, Dr. Canfield advised counsel, "it would appear that Shirley Jones may not have been strangled; however, she apparently died as a direct result from the trauma inflicted by her husband."
 
 
 11
 When Dr. Canfield's letter and subsequent affidavit are considered together, it is evident that at best plaintiff was able to show only that the two doctors might have disagreed professionally about the semantic description of the mechanism by which Mrs. Jones' death was caused, but they were in total agreement in the ultimate conclusion which attributed death to asphyxiation at the hands of her husband. This state of the evidence is a far cry from the burden plaintiff had to sustain to overcome the defense of qualified immunity. Indeed, it is certain Dr. Thomas is simply not guilty of the charges leveled against him by the plaintiff. Summary judgment was properly granted, and that order is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3